RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/19/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LINDA AMBUSH | CIVIL ACTION NO. 12-1867 |
| VERSUS | JUDGE TRIMBLE |
| PECAN GROVE TRAINING CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment by defendants Pecan Grove Training Center of Alexandria, Inc. ("Pecan Grove"), Thomas Peach ("Peach"), Kara Bertrand ("Bertrand"), John Patrick LaCour ("LaCour"), Cindy Baker ("Baker") and Cindy Beeson ("Beeson") (collectively "Defendants").[1] Defendants' motion asserts that all claims against them by plaintiff in the above-captioned suit should be dismissed for various reasons. The court agrees and finds that Defendants' motion should be GRANTED in full as explained below.

I. **RELEVANT FACTS**

Pecan Grove is a "private, residential training facility for individuals with developmental disabilities."[2] Plaintiff was employed by Pecan Grove in various positions, most recently as Training Education Coordinator II.[3] Plaintiff's employment was terminated on July 19, 2011.[4]

---

[1] R. 12.
[2] R. 12-2 at p. 2.
[3] R. 12-4.
[4] R. 12-2 at p. 7; R. 12-9.

1

Plaintiff filed the instant suit on July 9, 2012, alleging violations of her civil rights by Pecan Grove and the individually named defendants, Peach, Bertrand, LaCour, Baker and Beeson.[5]

Plaintiff asserts that, beginning in 2004, defendant Beeson, a co-worker at Pecan Grove, engaged in the expression of racial slurs and insults, which led to the establishment of a racially hostile work environment.[6] Plaintiff alleges that Beeson's slurs continued in 2006 and that, in both 2004 and 2006, she reported Beeson's behavior to defendant Bertrand.[7] Plaintiff alleges that, as a result of complaints regarding Beeson to the administration, Beeson was given "a few days off, with pay[.]"[8] Upon Beeson's return, plaintiff alleges that she was approached by defendant LaCour, who requested that plaintiff assist him in collecting negative information about plaintiff's fellow employee, Mr. Terrace Collins, so that Pecan Grove could fire him.[9] Plaintiff asserts that she refused LaCour's request, believing that Mr. Collins was a good employee.[10]

Plaintiff asserts that, on an unspecified date, she filed a formal grievance against Beeson after an unsatisfactory response from Pecan Grove's administration regarding Beeson's behavior.[11] After learning that Beeson may have made a racially inappropriate remark to a co-worker in 2009 and had directed profanity toward another co-worker in December of 2009, Pecan Grove informed Beeson that she would be subject to a three-day suspension and that any further infractions on her part would result in termination.[12] Beeson rejected the suspension and resigned her employment in January of 2010.[13]

---

[5] R. 1.
[6] R. 1 at ¶ 1.
[7] Id. at ¶¶ 1, 2.
[8] Id. at ¶ 4.
[9] Id. at ¶ 4.
[10] Id.
[11] Id. at ¶ 7.
[12] R. 12-2 at p. 5.
[13] Id.

Plaintiff asserts that Beeson was rehired by Pecan Grove in 2011 and that she discussed her "concerns and discomfort" with Beeson's return to her supervisors, stating that she felt Beeson created a hostile work environment.[14] Plaintiff alleges that Bertrand asked her to give Beeson another chance and informed her that Beeson promised that her past behavior would not be repeated and, that if it was repeated, proper steps would be taken.[15]

Plaintiff states that on July 19, 2011, she was approached by Bertrand and LaCour and asked whether or not she was asking her co-workers to "sign something about [Beeson]" and that she denied any participation in that activity.[16] Plaintiff also states that, at that time, she expressed the continued view that Beeson should not have been rehired and that she was not comfortable working with Beeson.[17] Plaintiff's employment was terminated at the conclusion of the meeting.

Plaintiff asserts that she was fired in retaliation for filing a prior grievance against Beeson and for "not wanting to endure a hostile work environment, to be verbally abused and called racial names at will by an individual that clearly, and openly voices her hatred of black people."[18] Plaintiff prays for compensatory and punitive damages, as well as injunctive relief.

Defendants' motion was timely filed and, as of the date of this ruling, is unopposed by plaintiff.

## II. APPLICABLE STANDARD

Summary judgment under Fed. R. Civ. P. 56 is appropriately granted only when the movant shows that there exists no genuine dispute as to any material fact and, therefore, the

---

[14] R. 1 at ¶¶ 7, 8.
[15] Id. at ¶ 9.
[16] Id. at ¶ 9.
[17] Id. at ¶ 9.
[18] Id. at ¶ 10.

3

movant is entitled to judgment as a matter of law.[19] A dispute is "genuine" when the evidence provides a basis for a reasonable jury to return a verdict in favor of the nonmoving party.[20] The existence of a genuine dispute as to any material fact precludes a grant of summary judgment.

Any party seeking summary judgment must cite particular portions of the record, which may include depositions, documents, affidavits or declarations that support the absence of a genuine dispute concerning one or more materials facts.[21] Alternatively, the movant may point out portions of the record which demonstrate the non-moving party's inability to produce evidence in support of one or more claims.[22]

The evidence produced by the parties in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[23] In reviewing the motion, the court will view the evidence in the light most favorable to the non-moving party.[24] The nonmoving party must, however, offer evidence amounting to more than mere "metaphysical doubt."[25]

## III.   ANALYSIS

### A.   Plaintiff's Title VII Claims against Peach, Bertrand, LaCour, Baker and Beeson in their individual capacities

Defendants' motion asserts that plaintiff's claims against defendants Peach, Bertrand, LaCour, Baker and Beeson in their individual capacities under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §1983, et seq.) fail as a matter of law because none of those defendants qualify as plaintiff's former "employer" as that term is defined in Title VII. The court agrees.

---

[19] Fed. R. Civ. P. 56(a).
[20] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986); Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992).
[21] Fed. R. Civ. P. 56(c)(1).
[22] Id.
[23] Fed. R. Civ. P. 56(c)(2).
[24] Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Allen v. Rapides Parish School Bd., 204 F.3d 619 (5th Cir. 2000); In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436 (5th Cir. 1982).
[25] Scott v. Harris, 550 U.S. 372 (2007); Meyers v. M/V Eugenio C., 919 F.2d 1070 (5th Cir. 1990).

It is well-established law that persons exercising the traditional rights of a supervisory employer, such as hiring and firing, act in their official capacity, not as individuals.[26] Similarly, a Title VII cause of action may not be brought against an employer and its agent, such as a supervisor.[27]

The court notes at the outset that plaintiff makes no factual allegations involving defendants Baker or Peach and, for that reason, all claims against defendants Baker and Peach will be dismissed with prejudice. We also note that defendant Beeson is not alleged to be plaintiff's supervisor and, for that reason, is not considered plaintiff's "employer" under Title VII, whether named in her individual or official capacity.[28] Accordingly, all claims against Beeson in this action must also be dismissed with prejudice.

Finally, we agree that plaintiff's claim under Title VII lies with Pecan Grove, her employer, rather than as against defendants Bertrand and LaCour since she may not maintain simultaneous claims under Title VII against these persons in their official capacities while maintaining the same claims against her employer. Moreover, the allegations of plaintiff's complaint fail to allege facts which would support any claim against Bertrand and LaCour in their individual capacities. Accordingly, all claims against Bertrand and LaCour by plaintiff in this suit will be dismissed with prejudice.

**B.    Plaintiff's hostile work environment claims under Title VII**

To the extent that plaintiff's complaint alleges hostile work environment based on Beeson's alleged racial slurs and comments in 2004, such claim fails as a matter of law based on

---

[26] Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) citing Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994).
[27] Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999).
[28] 42 U.S.C. § 2000e(b).

her failure to exhaust administrative remedies as required by Title VII.[29] Plaintiff's complaint does not allege, nor is there evidence before the court to support an inference that plaintiff filed the requisite EEOC charge regarding any alleged conduct by Beeson in 2004. Accordingly, to the extent that plaintiff's complaint states a claim based on that alleged conduct, such claim will be denied and dismissed with prejudice.[30]

We reach the same result with respect to any claims by plaintiff premised upon alleged conduct by Beeson in 2010. Although plaintiff's complaint asserts that this second instance of racially hostile behavior occurred in 2010, evidence before the court indicates that these matters were reported in November and December of 2009.[31] Plaintiff's EEOC charge was filed on August 17, 2011.[32] Plaintiff does not allege, nor is there evidence before the court to suggest that plaintiff instituted any proceedings concerning Beeson's 2009 comments in any state or local agency. Accordingly, plaintiff's claim with the EEOC regarding the 2009 comments must have been filed no later than 180 days after to such incident(s). Given these facts, plaintiff's EEOC charge was clearly too late to encompass any claims arising in 2009 and, therefore, any such claims by plaintiff will be denied and dismissed with prejudice as prescribed.

Plaintiff also alleges hostile work environment based on Beeson's renewed employment at Pecan Grove in 2011.[33] Beeson's renewed employment began on July 13, 2011.[34] Plaintiff's employment was terminated on July 19, 2011.[35]

---

[29] 42 U.S.C. § 2000e – 5(e)(1); McClain v. Lufkin Industries, Inc., 519 F.3d 264, 273 (5th Cir. 2008); Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006).
[30] Although dismissals for failure to exhaust administrative remedies may be without prejudice, the claim or claims at issue here have clearly prescribed. Title VII requires that a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, or within 300 days of such act when the plaintiff institutes proceedings with a state or local agency with the authority to seek or grant relief from the alleged discrimination at issue. 42 U.S.C. § 2000e – 5(e)(1).
[31] R. 12-5 (copies of Beeson's "Employee Warning Record" showing citations on both 11-30-09 and 12-29-09).
[32] R. 12-12. The court notes that, while defendants assert that the charge was filed on October 14, 2011, the Notice of Charge offered as 'Exhibit B" to defendants' motion forecloses that possibility, as it is dated August 17, 2011.
[33] R. 1 at ¶ 7.

Plaintiff's complaint does not allege that she experienced any offensive conduct by Beeson during the six (6) days that she and Beeson were coworkers at Pecan Grove in 2011.[36] Defendants also present evidence, in the form of an affidavit by defendant Bertrand, that plaintiff denied experiencing any difficulties with Beeson since her rehire on July 18, 2011.[37]

Accordingly, plaintiff fails to show any evidence which would support a claim for hostile work environment arising out of the period between July 13 and July 19, 2011. For that reason, the court finds that plaintiff fails to establish the requisite prima facie case for racial harassment or hostile work environment.[38] The court also notes that, to the extent that plaintiff bases any claim on racial harassment not personally experienced by plaintiff, such claims fail as a matter of law.[39]

C.  **Plaintiff's retaliatory discharge claims under Title VII**

Defendants assert that plaintiff's retaliatory discharge claim under Title VII fails as a matter of law because plaintiff cannot demonstrate the required elements of a prima facie case for retaliatory discharge. In order to establish a prima facie case of retaliatory discharge under Title VII, plaintiff must show that: (1) she was engaged in protected conduct; (2) that she was subjected to an adverse employment action; and (3) that the adverse employment action was motivated by her participation in the protected activity.[40]

---

[34] R. 12-3 at ¶ 9.
[35] R. 1 at ¶ 9.
[36] R. 1, generally.
[37] R. 12-3 at ¶ 11.
[38] Hernandez v. Yellow Transp., Inc., 670 F.3d 644 (5th Cir. 2012) (elements of a Title VII hostile work environment claim include, inter alia, a showing that plaintiff was subjected to unwelcome harassment.)
[39] Id. at 652 (internal citations omitted). The facts alleged in plaintiff's complaint do not specifically assert that any alleged comments by Beeson were spoken to plaintiff directly. Defendants assert that Beeson's alleged comments were not uttered to plaintiff and that plaintiff merely knew of them from others. We make no factual finding as to this issue.
[40] Chaney v. New Orleans Public Facility Management, Inc., 179 F.3d 164, 167 (5th Cir. 1999).

Plaintiff's complaint asserts that she was discharged for her opposition to Beeson's renewed employment on the basis that Beeson created a racially hostile work environment.[41] Defendants assert that plaintiff fails to show that she was engaged in a protected activity and, therefore, fails to establish a prima facie case. The court agrees.

To the extent that plaintiff's actions in asking employees whether or not they would agree to sign a petition seeking Beeson's termination in 2011 forms the basis for her claim of protected activity, such claim fails. As argued by defendants, Title VII did not prohibit Pecan Grove from rehiring Beeson in 2011. Moreover, plaintiff admits that during the six days she worked with Beeson in July of 2011, she experienced no racial harassment or offensive comments from Beeson. Thus, her opposition to Beeson's employment is not a protected activity under Title VII since plaintiff makes no showing that Beeson's employment or conduct violated Title VII. Accordingly, plaintiff's retaliatory discharge claim fails as a matter of law and will be dismissed with prejudice.

The court notes that defendants have also shown that, even if plaintiff could establish the necessary prima facie case, plaintiff was fired for a legitimate non-discriminatory reason based on her solicitation of coworker signatures for the purpose of seeking Beeson's termination.[42] Defendants also assert that plaintiff disclosed confidential information regarding prior grievances against Beeson to those whom she asked to sign a petition.[43]

### D. Plaintiff's claim of disparate treatment based on her transfer in June 2011

Defendants' motion also addresses a presumptive claim by plaintiff for disparate treatment stemming from her transfer from Training Coordinator – Case Manager to Training

---

[41] R. 1, generally.
[42] R. 12-3 at ¶12. We again note that plaintiff's own complaint asserts that she solicited prospective signatures for such petition. See, R. 1 at ¶ 8.
[43] R. 12-3 at ¶ 8.

8

Coordinator II in June of 2011. As noted by defendants, plaintiff's complaint does not allege that she was treated differently than anyone else or that her transfer was motivated by any protected characteristic.[44] Moreover, as discussed above, Beeson was not rehired until July of 2011, so to the extent that such claim may be construed as one for retaliatory transfer, such claim would also fail for lack of causation. Finally, plaintiff does not allege, nor is there evidence to support the presumption that plaintiff filed a timely EEOC claim regarding any alleged Title VII violation stemming from her transfer, particularly in light of the date of the Title VII violation provided in her charge: July 19, 2011.[45] Based on these facts, the court will also dismiss plaintiff's presumptive claims for disparate treatment or retaliatory transfer with prejudice.

E. **Plaintiff's claims for loss of consortium**

Given our findings above with respect to plaintiff's substantive claims, it necessarily follows that plaintiff's claims for loss of consortium contained within her complaint must also be dismissed with prejudice. We note that, even if the court had not found dismissal of plaintiff's substantive claims appropriate, claims for loss of consortium are not cognizable under Title VII and would be dismissed for that reason.[46]

IV. **CONCLUSION**

Based on our findings above, the court concludes that defendants' motion for summary judgment should be granted in full and that all claims by plaintiff against defendants in the above-captioned suit must be denied and dismissed with prejudice. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**February 19, 2013**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[44] R. 1 at ¶ 12.
[45] R. 12-12 (Notice of EEOC Charge, displaying "earliest possible date of harassment" as 7-19-11).
[46] Baker v. Halliburton, 645 F.3d 297 (5th Cir. 2011).